UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

United States of America,

         Plaintiff,

v.

Bobbi Mauck,

         Defendant.

Case No.: 2:22-cr-00141-CDS-EJY

**Order Granting Motion for Early Termination of Supervised Release**

[ECF No. 17]

      Defendant moves for early termination of supervised release. ECF No. 6. The government filed a notice of non-opposition. ECF No. 13. The motion is GRANTED. Supervised release is hereby terminated, effective now.

      I.      **Background Information**

      In January of 2017, Mauck was sentenced in the United States District Court for the District of Montana[1] to 72 months of imprisonment followed by four years of supervised release after pleading guilty to conspiracy to possess with intent to distribute methamphetamine and conspiracy to commit money laundering. ECF No. 2; 4-1 (Judgment of Conviction). After completing her term of imprisonment, Mauck began supervision in October 2020. ECF No. 1-1.

      On November 17, 2022, Mauck filed a motion to grant early termination of supervised release. ECF No. 6. Mauck argues that she has been supervised for over 25 months. *Id.* at 3. She has taken advantage of opportunities to rehabilitate herself, both in and out of custody. *Id.* As a result of her efforts, Mauck is now financially independent, a caretaker for her granddaughter, attends church and is in compliance with all of her terms of supervision. *Id.* at 4–5. As a result, Mauck argues early termination is warranted given her compliance, together with 18 U.S.C. § 3553 and other applicable authority. *Id.* at 5. The United States does not oppose the motion, and

---

[1] This case was transferred to the District of Nevada in June of 2022. ECF No. 2.

Mauck's Probation Officer notes her compliance status. Resp., ECF No. 13.

Having considered the information before the Court, the motion for early termination (ECF No. 4) is GRANTED.

II.   Analysis

Title 18, United States Code, Section 3583(e)(1) provides that a court may, after consideration of the factors set forth in 18 U.S.C. § 3553, "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. 3583(e)(1). The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. 18 U.S.C. 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

The information before the court demonstrates Mauck has been fully compliant with the terms of her supervision. There are no violation reports in the docket and neither the United States nor the Probation Office are opposing the motion. Given Mauck's efforts to rehabilitate herself, her success while on supervision, and the lack of any opposition to the motion, there is good cause to termination Mauck's supervision at this time. The court congratulates Ms. Mauck on her successful completion of her sentence and hopes her successes continue.

### III. Conclusion

Supervised release of defendant Bobbi Mauck is hereby TERMINATED, effective immediately.

IT IS SO ORDERED.

DATED: December 23, 2022

_____
U.S. District Judge, Cristina D. Silva